## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| SCOTT MUELLER, Plaintiff, | ) ) ) | CIVIL ACTION |
| v. | ) ) ) | File No. 1:14-cv-5192 |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, Defendant. | ) ) ) ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, SCOTT MUELLER ("MUELLER"), by and through his attorneys, Zambon Law

Ltd., hereby complains of the Defendant LINEBARGER GOGGAN BLAIR & SAMPSON LLP

as follows:

### NATURE OF THE ACTION

1.  Mueller brings this action for damages from violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA") and for declaratory relief.

### JURISDICTION AND VENUE

2.  This action arises under the FDCPA. Subject matter jurisdiction is conferred upon this

Court by 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337, as the action arises under the laws of

the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C.

§1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Linebarger Goggan Blair &

Sampson, LLP does business in this District and a substantial portion of the events or omissions

giving rise to the claims occurred within this District.

**PARTIES**

4. Plaintiff Mueller is a natural person currently residing at 834 W. Lakeside Pl., Apt. 1N, Chicago, IL 60640.

5. Defendant Linebarger Goggan Blair & Sampson, LLP ("LGBS") is a law firm authorized to do business in the state of Illinois. LGBS is in the business of collecting debts from Illinois residents on behalf of third-party creditors, servicers, municipalities, and debt collectors.

**FACTS SUPPORTING CAUSE OF ACTION**

6. On December 19, 2007, Mueller filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 07-23857.

7. After the bankruptcy discharge, LGBS was hired by the City of Chicago Department of Water Management ("City of Chicago") to collect upon what it claimed to be Mueller's unpaid water bill.

8. On February 20, 2013, LGBS sent Mueller a letter stating, "...you have an outstanding debt, in the amount shown above, owing to the City of Chicago for water/sewer services provided to you..." The letter went on to attempt to induce Mueller to pay the alleged debt. *See* Exhibit A attached hereto is a true copy of the February 20, 2013 letter.

9. Believing this collection letter to be in error, Mueller hired Sulaiman Law Group, Ltd. (hereinafter "SLG") to put the wrongful debt collection efforts to rest.

10. On March 18, 2013, on behalf of Mueller, SLG sent LGBS a dispute letter pursuant to section 1692g of the FDCPA, which stated, *inter alia*, "This letter is being sent to dispute the validity of the aforementioned debt."

11. The letter also stated that, "...this firm represents Mr. Scott Mueller in connection with what appears to be an alleged debt of $830.85 owed to the City of Chicago...Also, please direct ALL future correspondences to this office and cease all contact with Mr. Scott Mueller."

12. On March 20, 2013, SLG received a phone call from Leonard Marcus of LGBS. Marcus confirmed receipt of the FDCPA dispute letter and requested additional information from SLG.

13. On March 21, 2013, SLG provided the requested information to LGBS via email.

14. Mueller and SLG did not hear from LGBT again.

15. However, on July 9, 2013, LGBT sent another letter directly to Mueller entitled "Second Notice," whereby LGBS was attempting to collect upon the alleged debt owed to the City of Chicago. The letter falsely claimed, "You have failed to respond to our correspondence and we are assuming the this debt is valid." *See* Exhibit B attached hereto is the July 9, 2013 letter.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Mueller restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Mueller is a consumer under 15 U.S.C. §1692a(3) as the debt was incurred for personal, family, and household purposes.

18. LGBS qualifies as a debt collector under §1692a(6) as it regularly collects debts and uses an instrumentality of interstate commerce or the mails to collect debts for third party creditors.

19. Moreover, LGBS qualifies as a debt collector under §1692a(6) because was hired to collect the debt after the purported default.

### a. Violation of §1692g(b)

20. Mueller disputed the debt on March 18, 2013, within the 30 day dispute period.

21. LGBS never verified the debt prior to sending Mueller a "Second Notice" to collect upon the debt on July 9, 2013. *See* Exhibit B attached hereto.

22. LGBS violated §1692g(b) when it failed to cease collection efforts until the debt was verified.

### b. Violation of §1692c(a)(2) & §1692c(c)

23. LGBS violated §1692c(a)(2) & c(c) when it continued to communicate with Mueller directly after LGBS knew that Mueller was represented by an attorney, and continued to communicate with Mueller after Mueller (through SLG) notified LGBS to cease all communication with Mueller. *See* Exhibits A & B.

24. LGBS was put on notice that Mueller was represented by an attorney on March 18, 2013 and also told to cease all communications with Mueller on March 18, 2013.

25. However, LGBS continued to communicate with Mueller directly by sending Mueller a "Second Notice" to collect upon the debt on July 9, 2013. *See* Exhibit B attached hereto.

### c. Violation of §1692e

26. LGBS violated §1692e on July 9, 2013 when it falsely informed Mueller that he had "failed" to respond or challenge the validity of the debt. *See* Exhibit B attached hereto.

27. Specifically, the letter falsely claimed, "You have failed to respond to our correspondence and we are assuming that this debt is valid." *See* Exhibit B attached hereto.

28. LGBS knew this statement was false because it had already received Mueller's dispute letter on March 18, 2013.

29. Moreover, LGBS knew this statement was false because it had already admitted to have received Mueller's dispute letter through its employee Marcus on March 20, 2013.

### d. Damages

30. Mueller, as a direct result of LGBS's conduct, was forced to retain litigation counsel to defend against this conduct, and was assessed legal fees and charges.

31. Upon information and belief, Mueller has sustained damage to his credit rating as a result of LGBS's collection efforts.

32. As a direct result of LGBS's conduct, Mueller was unable to sleep and suffered severe emotional distress after being threatened with liability and harassed after retaining counsel.

WHEREFORE, Plaintiff SCOTT MUELLER respectfully requests that this Honorable Court:

   a. enter judgment in his favor and against LGBS;
   b. declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
   c. award Mueller statutory and actual damages, in an amount to be determined at trial;
   d. order the deletion of all adverse credit reporting related to aforementioned debt;
   e. award Mueller costs and reasonable attorney fees under 15 U.S.C. §1692k; and
   f. award any other relief as this Honorable Court deems just and appropriate.

## COUNT II – DECLARATORY RELIEF

33. Mueller restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Mueller is entitled to declaratory relief pursuant to 28 U.S.C. §2201(a).

35. There is an actual controversy between Mueller on one hand and LGBS on the other. Mueller is interested in the controversy.

36. This dispute is concrete and in need of a definitive determination relating to the rights of the parties. Failing to provide declaratory relief will result in piecemeal litigation and perpetual harassment from LGBS.

37. LGBS is attempting to collect money from Mueller based on water bills that are not actually owed.

WHEREFORE, Plaintiff SCOTT MUELLER requests this Honorable Court:

    a. enter a final order declaring LGBS's attempts to collect any monies from Mueller related to past due water bills is expressly prohibited;

    b. enter a final order declaring that Mueller has no personal liability pertaining to aforementioned water bills;

    c. award Mueller costs and reasonable attorney fees; and

    d. award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

                                Respectfully submitted on behalf of
                                Plaintiff Scott Mueller,

                                /s/Ross Zambon
                                Attorney for Plaintiff

Zambon Law, Ltd.
Ross M. Zambon
ARDC # 6294149
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523
(630) 575-8181